**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 13-cr-00142-REB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. ERIK ESPINOZA-MORENO,

    Defendant.

**ORDER RE:  MOTION FOR DISCLOSURE PURSUANT TO
RULES 404(b) AND 609, FEDERAL RULES OF EVIDENCE**

**Blackburn, J.**

The matter before me is defendant Erik Espinoza-Moreno's **Motion for Disclosure Pursuant to Rules 404(b) and 609, Federal Rules of Evidence** [#321],[1] filed June 6, 2014.  On June 19, 2014, the government filed a global response to this motion [#355] (as well as other pretrial motions).  Although I invited oral argument on the motion at a hearing on December 17, 2015 (*see* **Minute Order** ¶ 1 [#684], filed December 1, 2015), counsel for Mr. Espinoza-Moreno and the government both elected to stand on the papers.

In fashioning my ruling, I have considered all relevant adjudicative facts in the file and record of this case.  I have considered, but not necessarily accepted, the relevant facts presented, reasons stated, arguments advanced, and authorities cited by counsel

---

[1] "[#321]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

in their papers.  I grant the motion in part, deny it in part, and deny it as moot in part.

By this motion, Mr. Espinoza-Moreno seeks reasonable pretrial notice of other crimes, wrongs, or acts under Fed. R. Evid. 404(b), which provides that evidence of a other crimes, wrongs, or acts, although inadmissible to prove a person's character, may be admitted "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  **FED. R. EVID.** 404(b)(2).  Moreover, and as is relevant to the instant motion, "[o]n request by a defendant in a criminal case, the prosecutor must":

> (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
>
> (B) do so before trial – or during trial if the court, for good cause, excuses lack of pretrial notice.

**FED. R. EVID.** 404(b)(2)(A) & (B).

Pursuant to the extant **Discovery Conference Memorandum and Order**, the government averred its intent to provide written notice to Mr. Espinonza-Moreno no later than 21 days before trial of its intent to introduce 404(b) evidence.  (*See* **Discovery Conference Memorandum and Order** at 4, ¶ I(C) and 8, ¶ V(A)  [#37], filed April 22, 2013.)  Considering the totality of relevant circumstances, pretrial notice and disclosure within this time frame is eminently reasonable. Such advance notice and disclosure will provide Mr. Espinoza-Moreno with a reasonable time and opportunity to prepare to meet any such evidence by cross-examination or competing evidence.  Thus, to the extent the motion seeks disclosure of 404(b) evidence the government intends to use at trial, it is moot, and will be denied on that basis.

Mr. Espinoza-Moreno also requests disclosure of evidence implicating Fed. R. Evid. 609. In general, there is no requirement under Rule 609 for pretrial disclosure of such information. However, Rule 609(b) requires a party to provide "reasonable written notice" of its intent to impeach using evidence of a conviction more than ten years old. **FED. R. EVID.** 609(b)(2). To that extent, therefore, the motion should be granted. Accordingly, I will order the government to disclose its intent to introduce evidence of any convictions more than ten years old (as calculated under Fed. R. Evid. 609) no later than 21 days before trial.[2] In all other respects, the motion for disclosure under Rule 609 is denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant Erik Espinoza-Moreno's **Motion for Disclosure Pursuant to Rules 404(b) and 609, Federal Rules of Evidence** [#321], filed June 6, 2014, is granted in part, denied in part, and denied as moot in part;

2. That the motion is granted in part as to Mr. Espinoza-Moreno's request for disclosure of evidence of any conviction more than ten years old, as calculated under Fed. R. Evid. 609, which the government intends to introduce;

3. That the government shall provide Mr. Espinoza-Moreno written notice of any evidence described in paragraph 2 above no later than **twenty-one (21) days** before trial;

---

[2] In its response the government represents that it will provide the defendant "adequate notice prior to trial" of the government's intent to use for impeachment any prior conviction of the defendant under Fed. R. Evid 609(a)(1), or opinion, reputation, or specific-instance evidence admissible under Fed. R. Evid. 608. (**Gov't Response** at 3.)

    4.  That the motion is denied to the extent it otherwise seeks relief under Fed. R. Evid. 609; and

    5.  That the motion is denied as moot to the extent it seeks disclosure of the government's intent to introduce evidence under Fed. R. Evid. 404(b).

    Dated January 11, 2016, at Denver, Colorado.

                                    **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge